Richard Lee Thomas HOHN, Appellant,

v.

The STATE of Texas, Appellee.

No. 51791.

Court of Criminal Appeals of Texas.

July 14, 1976.

Larry Warner, Joseph H. Pool, Amarillo, for appellant.

Andrew J. Shuval, Dist. Atty., Hereford, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction after a jury trial for the offense of sexual abuse of a child; the court assessed punishment at imprisonment for 14 years and a fine of $5,000.

Appellant challenges the sufficiency of the evidence, asserting that the prosecutrix's testimony is "incredible" and that it is insufficiently corroborated.

The record reflects that at the time the offense was committed the appellant was living in a trailer with the prosecutrix's mother, who was not his wife, in addition to the prosecutrix and her brother and sister. The prosecutrix, C— G—, nine years old at the time of the commission of the offense and nearly ten at the time of trial, testified that one evening during the summer of 1974 the appellant made her take her clothes off, get in his bed and perform an act of oral sodomy on him. He warned her not to tell her mother about the incident, that if she did, "something would happen"; she said she thought that he meant either she or her mother would be hurt if she reported what had happened. She further stated that subsequent to the initial incident the appellant required her to perform oral sodomy on him on a number of other occasions; she was unable to remember specifically how many times the appellant thus approached her, but stated that she thought it was less than ten times. The prosecutrix indicated that she was frightened of the appellant and did not disclose what had been occurring until she was confronted by her mother shortly after her brother had told her mother that he thought something wrong was going on between the appellant and the prosecutrix.

The prosecutrix's brother, G— G—, who was seven years old at the time of trial and six at the time of the commission of the offense, testified that there were magazines with pictures of naked men on the front and back covers in the trailer where they lived and that the appellant would make the prosecutrix look at the magazines with

him. The appellant would warn the prosecutrix that he would "get mad" if she did not look at the magazines with him. On some occasions the appellant called the prosecutrix into the bedroom or bathroom and then shut the door behind them; the appellant became angry with the prosecutrix when she resisted his demands. The prosecutrix's brother also stated that after watching appellant's behavior with the prosecutrix, he decided something was wrong and told his mother. She became angry and confronted the prosecutrix, who then broke down and disclosed that the appellant had been making her perform oral sodomy on him.

The appellant testified in his own behalf, denying that the prosecutrix had ever performed oral sodomy on him or that he had ever shown her any "pornographic" literature. Appellant stated that prosecutrix's mother, S— G—, had previously made similar allegations of sexual misconduct against *her* father and uncle and that the prosecutrix had made similar allegations of sexual misconduct against her natural father, W— G—, and stepfather, V— G—; he further stated that he thought the prosecutrix was merely repeating a pattern of behavior that she and her mother had previously established.

Appellant's sister, R— L— A—, testified that in 1971 the prosecutrix had accused her stepfather of forcing her to perform oral sodomy on him. P— W—, another of the appellant's sisters, testified that on several occasions the prosecutrix had made accusations of sexual misconduct against both her stepfather and her natural father.

Appellant contends that the testimony of the prosecutrix was, on its face, lacking in truthfulness and was thoroughly unbelievable. The jury heard all the testimony, including appellant's defensive theory, and by its verdict it appears the jury found the prosecutrix's testimony to be both truthful and believable.

Appellant also contends the prosecutrix's testimony was not sufficiently corroborated by other evidence; he asserts that the failure of the prosecutrix to make an outcry or to promptly report what had occurred requires that her testimony be corroborated.

■ It has been held in numerous prosecutions for rape that the testimony of a prosecutrix under the age of consent need not be corroborated even though there is no outcry or prompt report of the defendant's alleged acts. *Carter v. State*, 506 S.W.2d 876 (Tex.Cr.App.1974); *Williams v. State*, 481 S.W.2d 119 (Tex.Cr.App.1972); *Uhl v. State*, 479 S.W.2d 55 (Tex.Cr.App.1972); *Bass v. State*, 468 S.W.2d 465 (Tex.Cr.App. 1971); *Hindman v. State*, 152 Tex.Cr.R. 75, 211 S.W.2d 182 (1948).

In *Hoagland v. State*, 494 S.W.2d 186 (Tex.Cr.App.1973) in an appeal from a conviction for the offense of fondling a female under the age of fourteen years the same rule was applied where the complainant did not report the incident for six weeks. Also see and compare *Carnathan v. State*, 478 S.W.2d 490 (Tex.Cr.App.1972).

■ Under V.T.C.A. Penal Code, Sec. 21.-10, the offense of sexual abuse of a child is complete with or without the consent of the prosecuting witness and a conviction may be had upon the uncorroborated testimony of the victim regardless of whether there was an outcry or prompt reporting of the incident. We hold the evidence sufficient to support the jury's verdict.[1]

---

1. Under our holding we need not determine whether the testimony of the prosecutrix's six year old brother corroborated the testimony of the prosecutrix. We also note that this offense was committed and the trial held before the effective date of the amendment to Art. 38.07, V.A.C.C.P., which provides as follows:

"A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim." Added by Acts 1975, 64th Leg., p. 479, ch. 203, Sec. 6, eff. Sept. 1, 1975.

Appellant further asserts that the rule requiring corroboration of the prosecutrix's testimony when consent is an issue and there is no outcry or prompt reporting of the incident, while not requiring corroboration when consent is not an issue regardless of the promptness of an outcry or reporting of the incident is violative of equal protection. The cases in which consent is not an issue involve minors and we conclude that this distinction which rests upon the difference between minors and those who have reached the age of majority is a rational one. Cf. *Buchanan v. State*, 480 S.W.2d 207 (Tex.Cr.App.1972). Appellant's contention is without merit.

The judgment is affirmed.

Opinion approved by the Court.