John ALONZO, Appellant,

v.

The STATE of Texas, Appellee.

No. 55941.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 10, 1979.

Daniel F. Solis, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jerome L. Croston, Jr., and Reed Prospere, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

John Alonzo appeals his conviction for indecency with a child. Punishment was assessed by the court at five years.

Alonzo contends that the court erred in failing to instruct the jury on the law regarding accomplice witnesses and in failing to submit to the jury the issue of whether complainant was an accomplice witness. The sufficiency of the evidence is not challenged.

Alonzo had befriended numerous children in a west Dallas neighborhood and became well-known because of his generosity with them. On February 4, 1976, he picked up the complainant, a ten-year-old, and two of her playmates, one boy and one girl. He drove them a short distance to a levee and then asked the boy to go to the store for him. After the boy left, appellant told both girls to pull their clothes down. He then instructed them to get into the cab of his truck where he laid down on top of each of them. He rubbed his penis against the sexual organ of each girl but did not penetrate either. Complainant asked appellant to stop, which he did. Her male friend returned from the store in time to see her pulling up her pants. Several days later the complaining witness told her mother about the incident. On February 9 she talked to police officers about it.

Appellant's argument concerning accomplice witnesses assumes that Article 38.14, V.A.C.C.P., applies to this case. Article 38.-14 provides that a conviction cannot be based on an accomplice witness' testimony unless there is additional evidence to connect the defendant with the crime. Article 38.07, V.A.C.C.P., which became effective on September 1, 1975, creates an exception to this rule and provides that a conviction can be had on the uncorroborated testimony of the victim of any sexual offense defined in Chapter 21 of the Penal Code (which includes indecency with a child). The only qualification on this rule is that the victim must inform some person other than the defendant of the offense within six months of its occurrence.

In the instant case appellant was charged with indecency with a child, an offense defined in Chapter 21 of the Penal Code. The victim of the crime told her mother about it three or four days later and told police officers about it a day later. Under these facts, Article 38.07 applies. Appellant was not entitled to an instruction concerning accomplice witnesses.

There is no error. The judgment is affirmed.