Timothy Ernest **NEMECEK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59280.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 17, 1980.

W. V. Dunnam, Jr., Waco, for appellant.

Felipe Reyna, Dist. Atty., & Karen C. Matkin, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Nemecek was convicted of aggravated sexual abuse of a child. The jury assessed punishment at sixty years.

The complainant, who was thirteen years old at the time of the offense, testified that he had met appellant at a billiard center in the company of Jerry, a young acquaintance of the complainant. After Jerry introduced Nemecek to the complainant, a fire occurred behind a nearby market, and appellant suggested to the boys that they accompany him to look at the fire, which turned out to be no more than a burning barrel of trash.

After the three had driven by the scene of the fire, they drove to Cameron Park at Nemecek's suggestion. They drove around the park for awhile, then Nemecek drove to a pond in the area.

At the pond, Nemecek produced a large caliber handgun, and fired it about three times at a can in the water, hitting the can. Appellant returned the gun to a place under or between the front seats of his Mustang hatchback, and the three drove to Lake Waco.

Appellant parked near a secluded part of the lake. There appellant showed the boys pictures of young men in suggestive or compromising poses, then told them to take their clothes off and get in the back of the car. Both complied.

Nemecek then took the gun with him around to the rear of the car and joined the boys in back. He put the gun on the floor within his reach and removed his own clothes. Appellant then placed his mouth on complainant's penis, then told the complainant to suck his penis. When the complainant refused, appellant replied, "You better."

The complainant testified that he complied with the request out of fear for his life, knowing that the gun was present and in the control of appellant.

After appellant had similarly abused the complainant's companion and had also forced him to permit appellant to perform anal intercourse with him, appellant took pictures of the complainant and his companion before driving them home.

Nemecek testified, admitting the act but claiming that it was with the consent of the complainant and denying the display of a weapon.

Appellant contends the evidence adduced was insufficient to prove he had threatened the complainant with death or serious bodily injury.

■ A threat can be communicated by action or conduct as well as by words. *Blount v. State*, 542 S.W.2d 164 (Tex.Cr. App.1976); *Most v. State*, 386 S.W.2d 537 (Tex.Cr.App.1965).

Appellant was 23 years of age at the time of the offense. His conduct in the instant case included displaying and using a large handgun, ordering the complainant, who was thirteen years of age, and his 11-year-old companion to remove their clothes and lie in the back of appellant's car, replying "you better" to the complainant's initial refusal to comply, and carrying the handgun around to the back of the car and setting it down within reach before removing his clothes and ordering the complainant and his companion to "suck him" [appellant].

Having demonstrated to the complainant that the weapon was in working order, appellant kept the weapon in sight and within reach when ordering the complainant to perform the deviate intercourse complained of. The boy thought he might be shot.

■ We hold that the presence of the weapon, combined with the "you better" language used by appellant, was sufficient to permit the jury to conclude that what was said and done operated upon the mind of the complainant to cause him to yield to the appellant and reasonably to create in the complainant the fear of death or serious bodily injury to which the complainant testified. See *Most v. State*, supra.

Appellant next contends that, because no outcry was made within six months, proof of each and every element of the offense requires separate corroboration of the complainant's story.[1]

Appellant substantially corroborated the complainant's testimony, except as to the element of aggravation.

Where accomplice testimony requires corroboration under Article 38.14, V.A.C.C.P., the standard for sufficiency is that the corroboration tends to connect the defendant with the offense charged. Similarly, under former Article 38.07, which required corroboration of the complainant in prosecutions for seduction, the standard of corroboration explicit in the Article itself was evidence "tending to connect the defendant with the offense charged."

---

1. Article 38.07, V.A.C.C.P., provides:

   "A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim."

We perceive no reason to require stronger corroboration of the testimony of a victim of sexual assault who has not made timely outcry than of an accomplice to a crime. We therefore adopt the standard of corroboration under Article 38.14 and former Article 38.07 as the test of sufficiency of corroborating evidence under the present Article 38.07.

Under the test adopted, appellant's admission of most of the acts alleged by the complainant is sufficient to corroborate the complainant's testimony and to support the judgment.

Appellant contends finally that the indictment was fundamentally defective for failing to allege that the complainant was not the spouse of appellant. No motion was made to quash the indictment.

The indictment, in pertinent part, alleged that appellant:

"... did place *his* mouth on the genitals of [complainant] a male child younger than 17 years of age...." (Emphasis supplied).

The allegation specifically included the fact that the complainant was a male, and alleged by necessary implication that Timothy Ernest Nemecek was also a male.

Appellant's argument that the provision of the Code Construction Act that words of one gender include the other genders vitiates the necessary implication of the language of the indictment is without merit. An indictment is not an act of the legislature to be construed by the terms of the Code Construction Act, but an allegation by a grand jury, to be construed according to its plain meaning.

Because the indictment alleged that the complainant and appellant are of the same sex; and because persons of the same sex cannot be husband and wife, the indictment was sufficient, absent a motion to quash, to allege that the complainant was not Nemecek's spouse.

The judgment is affirmed.

PHILLIPS, J., not participating.