John Carol HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00054–CR.

Court of Appeals of Texas,
Dallas.

Aug. 31, 1983.

Michael Byck, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., for appellee.

Before STOREY, GUILLOT and STEWART, JJ.

STEWART, Justice.

This is an appeal from a conviction of rape of a child younger than seventeen years for which appellant was assessed a sentence of ninety-nine years. In his first ground of error, appellant argues that the evidence in the trial was insufficient to support the jury's verdict because the complaining witness failed to inform anyone of the offense charged within six months of its occurrence and because there was no other evidence which corroborated her testimony, in violation of Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon 1979). We agree. Accordingly, we reverse.

First we must determine whether the complaining witness' testimony was corroborated, for if there is corroboration, article 38.07 does not apply. *Wilmeth v. State,* 629 S.W.2d 218 (Tex.App.—Dallas 1982, no pet.). The only witnesses were the minor victim, age eleven at the time of trial, and Dr. Mike Adkinson. The test of the sufficiency of corroborating evidence under the present article 38.07 is the same as that for Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979), that is, that the corroboration tends to connect the defendant with the offense charged. *Hernandez v. State,* 651 S.W.2d 746, 748 (Tex.Cr.App.1983) (*en banc*); *Nemecek v. State,* 621 S.W.2d 404, 406 (Tex. Cr.App.1980). Dr. Mike Adkinson testified that he performed a physical examination of the victim on October 2, 1980, and in his opinion she had had sexual intercourse on several occasions. He did not mention appellant in his testimony. Thus, there was no corroborating evidence tending to connect appellant with the offense charged.

We next address the question of whether the victim's testimony requires corroboration under article 38.07. That article, as enacted in 1975, reads as follows:

A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim. (footnote omitted).

The record reveals that the date of the offense as set out in the indictment was June 15, 1979. The complainant testified she had only told her mother about having sexual intercourse with her father two weeks after the first occurrence in August 1977; this report is obviously not within the six months' limitation. The complainant testified that she told her two sisters of the sexual encounters with her father, but the evidence does not establish the time of these conversations. Neither of the sisters were called to testify. Dr. Mike Adkinson testified that he interviewed the complainant on October 2, 1980, but the relevant portions of that interview, if any, were well beyond the six months' requirement. The State introduced no evidence in the trial that the complaining witness reported the rape to anyone within six months of June 15, 1979. There being no corroboration and no outcry within six months of the occurrence, we are faced squarely with the question of whether the present article 38.07 is applicable to the minor victim of a sexual offense under chapter 21 of the Penal Code.

The State contends that article 38.07 does not apply to rape of a child younger than seventeen years, Tex.Penal Code Ann. § 21.09 (Vernon Supp.1982–1983), because it has been held in numerous prosecutions for rape that the testimony of a prosecutrix under the age of consent need not be corroborated even though there is no outcry or prompt report of the defendant's alleged acts. *Hohn v. State,* 538 S.W.2d 619 (Tex. Cr.App.1976); *Carter v. State,* 506 S.W.2d 876 (Tex.Cr.App.1974) (and cases cited therein). These decisions are based on the rationale that the rule requiring corroboration when there is no prompt outcry arises only when the question of consent to sexual

intercourse is the issue, and, since a minor cannot give legal consent, that issue does not arise in a statutory rape case. *Villareal v. State,* 511 S.W.2d 500 (Tex.Cr.App.1974); *Hindman v. State,* 152 Tex.Cr.R. 75, 211 S.W.2d 182 (1948). The same rationale has been applied to sexual abuse cases involving minors. *See Hohn v. State,* 538 S.W.2d 619 (Tex.Cr.App.1976). We agree that this was the law prior to the addition of the present article 38.07 in 1975.

In *Hohn,* 538 S.W.2d at 621, the Court of Criminal Appeals upheld the conviction for sexual abuse of a child under Tex.Penal Code Ann. § 21.10. (Vernon 1979) based upon the testimony of the victim without considering whether her testimony was corroborated; however, that court noted that the offense was committed and the trial held before the effective date of the present article 38.07.

■ By its express terms, article 38.07 applies to all offenses within chapter 21 of the Penal Code, both those involving the issue of consent and those that do not. In *Alonzo v. State,* 575 S.W.2d 547, 548 (Tex. Cr.App.1979), the court observed:

> Article 38.07, V.A.C.C.P., which became effective on September 1, 1975, . . . provides that a conviction can be had on the uncorroborated testimony of the victim of any sexual offense defined in chapter 21 of the Penal Code . . . . *the only qualification on this rule is that the victim must inform some person other than the defendant of the offense within six months of its occurrence.* (emphasis added).

The court held that since the ten-year old victim had reported the incident promptly, her uncorroborated testimony was sufficient to support the conviction for indecency with a child. *See Nemecek,* 621 S.W.2d at 407 (testimony of thirteen-year-old male victim of aggravated sexual abuse was sufficiently corroborated under article 38.07); *Calais v. State,* 624 S.W.2d 811, 813 (Tex. App.—Houston [14th Dist.] 1981, no pet.) (uncorroborated testimony of thirteen-year-

old female victim of rape held sufficient since she reported rape within six months).

The Court of Criminal Appeals has most recently interpreted article 38.07 in its application to minor victims of sexual offenses in *Hernandez v. State,* 651 S.W.2d 746 (Tex. Cr.App.1983) (en banc).[1] In that case the only witnesses were the minor victim and the victim's mother, who was an accomplice as a matter of law. Having determined that there was no prompt outcry, the court considered whether the victim's testimony had been corroborated, applying the standard set out in article 38.14 and adopted as the standard for 38.07 in *Nemecek,* 621 S.W.2d at 406: whether any evidence was presented at trial which connected the appellant with the offense charged. The court stated that the accomplice/mother's testimony was clearly sufficient to corroborate the earlier testimony of the victim, but the court assumed, arguendo, that an accomplice cannot factually corroborate a victim who needs corroboration. The court then concluded that the accomplice/mother's testimony in itself presented evidence sufficient to support a conviction, but since she was an accomplice, *her* testimony required corroboration under article 38.14 pursuant to the standard set out above. *Hernandez,* 651 S.W.2d at 749. The court held that the minor victim's testimony was sufficient to connect appellant to the crime and, thus, was sufficient to corroborate her accomplice/mother's testimony; hence, the Court affirmed the conviction.

Judge Clinton, in his concurring opinion in *Hernandez* agrees with the State's position in this case that article 38.07 should not apply to minor victims of sexual offenses. He states that the whole purpose of the present article 38.07 was to make it less difficult to obtain conviction in sexual offense cases, citing the "Bill Analysis" prepared for the House Committee on Criminal Jurisprudence under the heading "Background Information" (to H.B. 284 of the Regular Session of the 64th Legislature, of

---

1. Judge Campbell wrote the opinion of the court with Judges Teague and Miller concurring in the result; Judge Clinton wrote a con-

curring opinion joined by Judges Odom and McCormick.

which present article 38.07 was a part) as follows:

It is felt that much of the problem associated with the reporting and prosecution of rape is that the present statutes discourage reporting and prosecution because of embarrassment to the victim and the difficulty in obtaining a conviction.

*Hernandez,* 651 S.W.2d at 752.

Judge Clinton observes that if one accepts the interpretation of the majority of the Court of Appeals in *Hernandez,* that article 38.07 requires corroboration of a minor victim's testimony when there is no outcry within 6 months, such an interpretation attributes an intention to the Legislature to make convictions in "statutory" rape cases more difficult, contrary to the intention expressed above. *Hernandez,* 651 S.W.2d at 753. Judge Clinton concludes by saying that he would limit the application of article 38.07 to those instances in which the victim has been considered an "accomplice witness," *Hernandez,* 651 S.W.2d at 754, that is, to those instances involving a victim where consent is an issue and there has been no prompt outcry.

■ Although Judge Clinton's arguments are persuasive and would be sufficient for us if this was an open question, the majority opinion of the court in *Hernandez* interpreted article 38.07 to require corroboration of the minor victim's testimony absent prompt outcry, thus precluding the position taken by Judge Clinton and the dissent here because, as an intermediate court, we are bound to follow the majority opinion of the Court of Criminal Appeals.[2] In addition, the 63rd Legislature had before it a proposed statutory plan which differentiated between adult and minor victims of sexual offenses, but chose not to include these provisions when the 1973 Penal Code was enacted. In the final draft of the Texas Penal Code, a Proposed Revision by the State Bar Committee on Revision of the Penal Code, October 1970, Section 21.12 included the following subsections:

(c) No prosecution may be instituted or maintained under this chapter [21] unless the alleged offense was reported to or discovered by a peace officer:

(1) within 1 month after its occurrence; or

(2) within 1 month after a parent, guardian, or other competent person specially interested in the victim and who is not a party to or facilitator of the offense learns of it, if the alleged victim was younger than 16 years, incompetent, or unable to make complaint.

(d) A person may not be convicted of an offense under Sections 21.02–21.08 (rape, aggravated rape, sexual abuse, aggravated sexual abuse, homosexuality, public lewdness, indecent exposure) upon the uncorroborated testimony of the alleged victim unless the victim made an outcry at the first reasonable opportunity. Corroboration may be circumstantial.

All the offenses listed in subsection (d) involved *adult* victims. These subsections were deleted when section 21.12 was enacted. Searcy & Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 21.12 (Vernon 1974). The rejection of these subsections and the adoption of the present article 38.07 show that the legislature apparently chose not to differentiate between the victims of sexual offenses on the basis of age.

Finally, in the spring of 1983, the 68th Legislature amended article 38.07, effective September 1, 1983, to eliminate the requirement of outcry within six months by the victim of a sexual offense younger than fourteen years at the time of the offense. Thus, the Legislature itself has recognized that the 1975 version of article 38.07 applies to minor victims of sexual offenses.

■ For all of the foregoing reasons, we hold that, until to the effective date of the 1983 amendment, this article applies to all minor victims of sexual offenses under chapter 21 of the Penal Code. Accordingly, we hold that in the absence of both corrobo-

---

**2.** See the history of the legislation and court rulings regarding the requirement of corroboration of testimony of sexual abuse victims in the court of appeals opinion in *Hernandez,* 636 S.W.2d 617, 620–22 (Tex.App.—San Antonio 1982).

ration and prompt outcry, the evidence here is insufficient to support appellant's conviction, and, therefore, appellant is entitled to an acquittal. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Judgment is reversed and reformed to reflect an acquittal.

GUILLOT, Justice, dissenting.

I dissent. The majority's opinion presupposes that Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon 1979) requires corroboration of a complainant's testimony in a case involving the rape of a child under the age of seventeen. That presupposition is incorrect, I believe, in light of the legislative history of art. 38.07 and in light of the common sense approach that the law has taken toward the sexual abuse or rape of a child.

To begin with, the purpose of the bill which encompassed art. 38.07 was to make it less difficult to obtain convictions in sexual offense cases by eliminating the need for corroboration when the victim informs another person of the offense within six months.[1] Heretofore, however, there was never a need for a child's testimony to be corroborated because corroboration was necessary when the defendant claimed the complainant consented, and a child, as a matter of law, cannot consent to sexual intercourse. Tex. Penal Code Ann. § 21.09 (Vernon Supp. 1982–1983); *McKinney v. State,* 505 S.W.2d 536 (Tex.Cr.App.1974).

Furthermore, it does not make sense to require a child's testimony to be corroborated just because that child fails to inform anyone of the violation within six months. In most instances, the cases involving sexual abuse and rape of a child are ones that involve a father, a relative, or someone close to one of the child's parents. And, more often than not, the perpetrator has threatened the child with death or severe injury if she or he tells anyone. What

child, under these circumstances, would not hesitate to make an outcry? Under the best of circumstances every child has a healthy fear of her or his parents—especially the father—but, under circumstances in which there is sexual abuse by a threatening father, that healthy fear becomes terror. It takes monumental courage for a child to inform someone that her or his father has committed sexual abuse. It goes against common sense to require corroboration of a child's testimony if there has been no outcry within six months.

I believe that, viewing Tex.Code Crim. Proc.Ann. art. 38.07 in light of the legislative history and common sense, it is clear that there never has been, nor is there now, a need for corroboration of a child's testimony in cases of sexual abuse and rape.

Consequently, I would hold that art. 38.07 refers to only those instances of sexual abuse and rape of someone over the age of seventeen.

---

1. *See* Judge Clinton's concurring opinion in *Hernandez v. State,* 651 S.W.2d 746 at p. 752 of