**John Carol HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00054–CR.**

Court of Appeals of Texas, Dallas.

May 15, 1984.

Michael Byck, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, GUILLOT and STEWART, JJ.

STEWART, Justice.

Appellant was convicted of the offense of rape of a child. The jury assessed punishment at ninety-nine years after having found the enhancement paragraph to be

true. · We reversed the conviction in a published opinion, with a dissent, *Hill v. State*, 658 S.W.2d 705 (Tex.App.—Dallas 1983, pet. granted), relying on the original majority opinion in *Hernandez v. State*, which was delivered April 20, 1983, by the Court of Criminal Appeals. However, on rehearing, the court adopted the concurring opinion as its majority opinion. *Hernandez v. State*, 651 S.W.2d 746, 754 (Tex.Crim.App. 1983) (*per curiam*). Consequently, the instant case has been remanded to us, 663 S.W.2d 457, for reconsideration of the sufficiency of the evidence and for consideration of appellant's other grounds of error not heretofore addressed. The facts are set forth in our prior opinion. We affirm the conviction.

◼ In his first ground of error, appellant argues that the evidence was insufficient to support the jury's verdict because the complaining witness failed to inform anyone of the offense charged within six months of its occurrence and because there was no other evidence which corroborated her testimony, in violation of TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1984). Article 38.07 applies only to a victim who is considered "an accomplice witness." *Hernandez*, 651 S.W.2d at 754. A person under the age of legal consent is not an "accomplice" and need not be corroborated under TEX.CODE CRIM.PROC. ANN. art. 38.14 (Vernon 1979). *Id.* at 753. Consequently, we hold that article 38.07 does not apply to the facts of this case in which the complaining witness is under the age of legal consent. The testimony of the victim is sufficient to support the conviction. The first ground of error is overruled.

In his second ground of error, appellant complains of improper jury argument by the prosecutor during the punishment phase of the trial. The prosecutor stated:

> Mike Clay is an investigator for Crimes Against Persons. He investigates murders and assaults. And he said not related to this offense, he knows this man's reputation, and he said it was bad.

The trial court overruled appellant's objection that the prosecutor was implying the existence of extraneous offenses.

◼ Appellant argues that, although each quoted sentence alone is proper, when taken together in the sequence stated, the prosecutor intentionally implied to the jury that appellant was an individual of violent nature who had committed extraneous, violent offenses, and that the record does not support such a conclusion. He cites *Stearn v. State*, 487 S.W.2d 734 (Tex.Crim. App.1972), and *Andrews v. State*, 150 Tex. Cr.R. 95, 199 S.W.2d 510 (Tex.Crim.App. 1947), for the general statement that the purpose of jury argument is to aid and assist the jury in arriving at a proper conclusion based only on the evidence admitted; therefore, improper implications drawn from that evidence are to be condemned. We agree with this general statement, but we conclude that here the prosecutor's statements were not improper. Clay testified to each fact contained in the argument objected to; the statements were a summation of the evidence and, thus, proper jury argument. *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). Appellant's second ground of error is overruled.

◼ In his third ground of error, appellant contends that, during the punishment phase of the trial, the judge erred in failing to grant his motion for mistrial because, after commenting that appellant presented no character evidence, the following argument by the State was so prejudicial that it deprived him of a fair trial:

> Maybe because there doesn't exist anybody that could say those things. And could it be that he knows if they put their witnesses on we get to cross-examine them and we get to ask them about what they know about this man. Have you heard questions?

The trial court sustained appellant's general objection and, without a request by appellant, instructed the jury to disregard the argument; however, the judge denied the motion for mistrial. Appellant asserts that the prosecutor implied that appellant chose not to present character witnesses *because*

*of* the existence of "have you heard" questions and that the prosecutor thereby told the jury that he personally was aware of other specific acts of misconduct against appellant that were not before the jury. We do not agree with appellant's conclusion. The prosecutor may comment on the defendant's failure to call certain witnesses and may argue that the reason for not calling them is that their testimony would be unfavorable to his defense. *O'Bryan v. State*, 591 S.W.2d 464 (Tex.Crim.App.1979) (*en banc*) *cert. denied* 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 846 (1980); *Carrillo v. State*, 566 S.W.2d 902 (Tex.Crim.App. 1978). The State concedes that the prosecutor's comment regarding "have you heard" questions may have been error, but contends that the instruction to disregard cured the error, if any. We agree. *Armitage v. State*, 637 S.W.2d 936, 940 (Tex. Crim.App.1982); *DeBolt v. State*, 604 S.W.2d 164, 170 (Tex.Crim.App.1980).

Affirmed.