Glen Dale JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–01084–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1990.

Rehearing Denied May 10, 1990.

Stanley G. Schneider, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Glen Dale Jones appeals a conviction of sexual assault of a child for which the trial court assessed punishment at fifteen years confinement in the Texas Department of Corrections. In his sole point of error, appellant claims the evidence is insufficient to sustain his conviction because the complainant's testimony was not corroborated as required by Tex.Code Crim.Proc.Ann. art. 38.07. We agree with appellant's construction of art. 38.07 and we reverse.

At the time of the alleged offense, the complainant was fourteen years old and lived with appellant, her natural father. The complainant testified that appellant began touching her genitals when she was very young and that, when she was eight or nine years old, appellant forced her to engage in sexual intercourse, including oral and anal intercourse. She further testified that appellant told her not to tell anyone. As to the charged offense, the complainant testified that appellant sexually assaulted her in April 1985. The complainant told her sister Jennifer about this incident in "about November" 1985. When asked why she did not tell anyone sooner about the recent sexual assault, the complainant explained "I didn't know what they'd think of me; and I felt like it was my fault, if they'd think anything bad." The complainant's sister, Jennifer, testified that she told their mother about the complainant's allegation of sexual assault. The complainant's mother notified Children's Protective Services and the Houston Police Department. Based upon an examination of the complainant in January 1986, Dr. Raymond Cohen testified that the complainant was non-virginal.

Appellant claims that, because Tex.Code Crim.Proc.Ann. art. 38.07 requires corroboration if the complainant failed to inform another person of the incident within six months after the date of the alleged offense, the uncorroborated testimony of the complainant in this case was insufficient to support the conviction. Art. 38.07 provides:

A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.

Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp.1990). Appellant argues that art. 38.-07 requires corroboration of the testimony of victims fourteen years of age and older where there was no timely outcry. Because the outcry in this case was not timely, appellant asks that we follow *Heckathorne v. State*, 697 S.W.2d 8, 12 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd) and rule that corroboration was necessary to support the conviction.

Before the 1983 amendment to art. 38.07 that added the exception for children under age fourteen, the Court of Criminal Appeals analyzed the corroboration requirements under art. 38.07 in *Hernandez v. State*, 651 S.W.2d 746, 752 (Tex.Crim.App. 1983) (Clinton, J. concurring; opinion adopted as majority on motion for rehearing). The *Hernandez* court determined that, before amendment, art. 38.07 required corroboration of the testimony of a victim over the age of consent if consent were at issue and outcry was not timely. *Id.* The court found no corroboration was necessary if:

(1) consent was not in issue or the victim was legally incapable of consenting; (2)

the victim made an outcry or a prompt report of the outrage; or (3) there was a reasonable explanation for the failure to make an outcry or a prompt report of the outrage.

*Id.*

The statute setting forth the offense of sexual assault is TEX.PENAL CODE ANN. § 22.011. Section 22.011(a)(1) concerns sexual assault of an adult and requires lack of consent by the victim. *See* TEX.PENAL CODE ANN. § 22.011(a)(1)(A)–(C) (Vernon Supp.1989). On the other hand, § 22.011(a)(2) concerns sexual assault of a child and does not include a requirement of lack of consent. *See* TEX.PENAL CODE ANN. § 22.011(a)(2)(A)–(D) (Vernon Supp.1989). Under this statute, a "child" is "a person younger than 17 years of age who is not the spouse of the actor." TEX.PENAL CODE ANN. § 22.011(c)(1) (Vernon Supp.1989). Thus, consent is not in issue where the charged offense is sexual assault of a child because a victim under age seventeen is legally incapable of consenting to the types of sexual intercourse described in the statute.

Looking at this section of the Penal Code, the *Hernandez* court reasoned that "victims under 17 who have not previously engaged in promiscuous sexual or deviate sexual intercourse and those victims under 14, regardless of prior promiscuous sexual conduct," *id.* at 753, were legally incapable of consenting to sexual intercourse and no corroboration of their testimony was required. *Id.* (overruling *Nemecek v. State*, 621 S.W.2d 404 (Tex.Crim.App.1980) to the extent of any conflict). *See also Waldrop v. State*, 662 S.W.2d 612, 615 (Tex.App.— Houston [14th Dist.] 1983, pet. ref'd) (agreeing with the concurring opinion in *Hernandez* that the legislative intent "was not to lessen the protection given to minors but to increase the protection given to those who had reached their majority and thereby make it easier to prosecute those who are guilty of sex offenses." The *Waldrop* court held that because the complainant was under the legal age of consent, his uncorroborated testimony was sufficient to support conviction, regardless of whether outcry was timely.). The *Hernandez* con-

struction of art. 38.07 was consistent with the well-established rule that absent timely outcry, corroboration of the victim was required only *if the question of consent were in issue. See Villareal v. State*, 511 S.W.2d 500, 501 (Tex.Crim.App.1974); *Uhl v. State*, 479 S.W.2d 55, 56 (Tex.Crim.App. 1972); *Hindman v. State*, 152 Tex.Crim. 75, 211 S.W.2d 182, 185 (1948); *Cook v. State*, 88 Tex.Crim. 659, 228 S.W. 213, 216 (1920) (Opinion on Motion for Rehearing).

Since the 1983 amendment to art. 38.07, the courts of appeals have disagreed about the effect of the amendment on the corroboration requirements where the complainant is fourteen through sixteen years of age and fails to make timely outcry. For example, in *Heckathorne v. State*, 697 S.W.2d 8, 12–13 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), this court commented on the corroboration requirements of a complainant fourteen years of age and older, although the issue presented was whether art. 38.07 applied to complainants under age fourteen. In examining this issue, the court noted that the first sentence in "[a]rticle 38.07 says that the State may seek a conviction based upon the uncorroborated testimony of a victim *14 years of age or older* only if that victim informed someone of the offense within six months after the offense occurred." *Id.* at 12–13 (emphasis in original). The italicized language in this quote is not in the statute. *See* TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1990). Looking to the second sentence in 38.07, excepting those under age fourteen from the outcry requirement, the court found that art. 38.07 was applicable to children under fourteen. *Heckathorne*, 697 S.W.2d at 13. Because the complainant in *Heckathorne* was five years old, *id.* at 10, discussion or interpretation of the first sentence of art. 38.07 was unnecessary to the issue before the court.

Two other cases have addressed this issue and, unlike *Heckathorne*, construe art. 38.07 consistently with *Hernandez*. In *Lawson v. State*, 722 S.W.2d 1, 2 (Tex.App. —Dallas 1986, no pet.), the court held that the testimony of a complainant under the age of consent need not be corroborated

even where there is no timely outcry. Furthermore, the *Lawson* court expressly rejected the "dicta" in *Heckathorne* that art. 38.07 requires timely outcry from a complainant fourteen years of age or older for the State to seek conviction on the uncorroborated testimony of the complainant. *Id.* at 2 n. 4.

The most recent case addressing the corroboration requirements under art. 38.07 where there is no timely outcry and where the complainant is fourteen through sixteen years of age is *Scoggan v. State*, 736 S.W.2d 239, 241 (Tex.App.—Corpus Christi 1987, pet. granted). The *Scoggan* court first determined that the 1983 amendment to art. 38.07 (excepting complainants under fourteen years of age from the outcry requirement) merely codified the holding in *Hernandez* and did not require corroboration where none had been required in the past, such as when the victim is legally incapable of consenting. *See id* at 242. Thus, the *Scoggan* court concluded that where a victim is fourteen through sixteen years of age and has not previously engaged in promiscuous sexual conduct as described in TEX.PENAL CODE ANN. § 22.011(a)(2), no corroboration is required. *See id.*

 Having reviewed the statute and the case law construing it, we find that the *Heckathorne* construction of art. 38.07, though unnecessary to the holding in that case, is the most logical interpretation of the plain language of the statute. Until 1983, art. 38.07 contained no express exception for minors, but case law created an exception for those under the legal age of consent. *See, e.g., Hernandez*, 651 S.W.2d

at 753. When enacting the amendment to art. 38.07, the legislature could have looked to the established case law rule and expressly excepted victims under the age of consent (under seventeen years). Instead, the legislature chose to except only those victims under the age of fourteen from the outcry requirement. *See* TEX.CODE CRIM. PROC.ANN. art. 38.07 (Vernon 1990). Thus, the 1983 amendment evidences legislative intent to require timely outcry from victims fourteen years of age and older or the conviction is unsupportable on the uncorroborated testimony of the victim.[1]

 In the instant case, the complainant was fourteen years old at the time of the alleged sexual assault by her natural father. The complainant failed to inform anyone of the offense until seven months after the date of the offense. Thus, the outcry was not within the six-month statutory period. Absent timely outcry, corroboration of the complainant's testimony was required to support appellant's conviction. *See Heckathorne*, 697 S.W.2d at 12–13. Because the State failed to present any evidence corroborating the complainant's testimony, the conviction cannot be sustained. *See* TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon 1990). Accordingly, we sustain appellant's sole point of error.

We reverse the judgment and remand the cause to the trial court with instructions to enter an acquittal.

---

**1.** While we acknowledge the legislature's clear intent to distinguish between victims under fourteen years and those fourteen years of age and older, we consider this distinction bewildering and inappropriate. In the "typical" case involving sexual abuse of a child, the offender is the father, a relative, or a close family friend and, as in the instant case, threatens the victim not to tell anyone about the assault. *See Hill v. State*, 658 S.W.2d 705, 709 (Tex.App.—Dallas 1983) (Guillot, J., dissenting), *remanded*, 663 S.W.2d 457 (Tex.Crim.App.1984), *on remand*, 672 S.W.2d 302 (Tex.App.—Dallas 1984, no pet.) (in which Justice Guillot reasoned that where the father is the offender and he threatens the minor child victim not to tell anyone about the assault, "[i]t takes monumental courage for a child to inform someone that her or his father has committed sexual abuse."). We doubt that the victim's fear, embarrassment, or shame, which may prevent or delay the victim in informing another person of the sexual assault, abates when a victim reaches the age of fourteen. Although the plain language of art. 38.07 compels us to hold that victims of or over age fourteen must either timely inform another person of the offense or present corroboration, we note our disagreement with this arbitrary and purposeless distinction.