FRIEDEL V. STATE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-398-CR




LEROY FRIEDEL,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7423, HONORABLE JOHN L. PLACKE, JUDGE



 




 A jury convicted Leroy Friedel, appellant, of aggravated sexual assault. See Tex.
Penal Code Ann. § 22.021 (1989). The trial court sentenced appellant to twenty-five years'
imprisonment. On appeal, appellant asserts nine points of error. We will sustain appellant's first
point of error, reverse the conviction, and reform the judgment to reflect an acquittal.


BACKGROUND


 At trial the victim of the alleged offense testified that appellant, her stepfather, had
entered her bedroom with a gun and raped her. The victim, who was fifteen years of age at the
time of the alleged rape, did not tell anyone of the offense for approximately eighteen months. 
The victim testified that appellant had sexually abused her since the time she was a small child,
and that she did not report the rape at the time it occurred because appellant threatened to hurt her
little sisters and her mother if she told anyone. Based on this testimony, and without
corroborating evidence, the jury convicted appellant of the offense of aggravated sexual assault
by finding: (1) that appellant intentionally and knowingly caused the penetration of the sexual
organ of a child under the age of seventeen by appellant's sexual organ; and (2) that appellant,
by acts and words, placed the child in fear that death or serious bodily injury would be imminently
inflicted on a person. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(A)(ii) (1989); see
also §§ 22.021(b), 22.011(c).


DISCUSSION


 The State concedes that the only evidence it presented connecting appellant to the
alleged offense was the uncorroborated testimony of the victim. With regard to victim testimony
in the context of sexual offenses, the Code of Criminal Procedure provides:


 A conviction under . . . Section 22.021, Penal Code, is supportable on the
uncorroborated testimony of the victim of the sexual offense if the victim informed
any person, other than the defendant, of the alleged offense within six months after
the date on which the offense is alleged to have occurred. The requirement that
the victim inform another person of an alleged offense does not apply if the victim
was younger than 14 years of age at the time of the alleged offense.


Tex. Code Crim. Proc. Ann. art. 38.07 (Supp. 1992). Therefore, a conviction for aggravated
sexual assault requires independent corroboration if the victim was fourteen years of age or older
and if the victim did not inform another person within six months of the event. In the present
case, there is no dispute that the victim was fifteen years of age at the time of the alleged offense
and that she did not inform another person of the alleged rape for approximately eighteen months. 
Therefore, in his first point of error, appellant argues that the State's evidence failed to satisfy the
requirements of article 38.07 and, thus, the evidence was legally insufficient to support his
conviction.

 In an effort to avoid such a result, the State asks this Court to read into article
38.07 an exception that would allow appellant's conviction to stand. As stated above, the victim
testified that appellant had sexually abused her since she was a small child. Further, the victim
testified that appellant told her not to tell anyone or he would harm her little sisters and her
mother. The State also presented expert testimony that a victim of chronic abuse and threats over
an extended period of time would likely repress any outcry to another person. Based on this
evidence, the State argues that appellant should not be allowed to benefit from the application of
article 38.07 when it was his chronic abuse and threats against the victim that prevented her from
telling another person about the rape for eighteen months after it occurred.

 As sympathetic as we may be to the State's argument, we cannot create the
exception urged by the State. In 1983 the Texas Legislature expressly made the corroboration
requirement applicable to all victims of sexual offenses who were fourteen years of age or older
and who failed to tell another person of the event within six months. The Legislature did so
despite established case law that a victim's testimony need not be corroborated if the victim was
under the age of consent (seventeen). See Hernandez v. State, 651 S.W.2d 746 (Tex. Crim. App.
1983) (Clinton, J., concurring; opinion adopted as majority on motion for reh'g). In 1990 the
Court of Criminal Appeals interpreted article 38.07 to mean what it says:


 However, in spite of this long line of precedent [holding that testimony of
victims under seventeen need not be corroborated], the legislature acted decisively
to change the corroboration requirements for minor victims of sexual assault in
1983. Senate Bill 838 was passed by the sixty-eighth legislature almost
simultaneously with this court's Hernandez decision, and the two branches of
government apparently came to different resolutions of the same problem. The
legislative amendment to 38.07 [in 1983] clearly expresses the legislature's intent
to shield sexual assault victims under 14 from the normal outcry or corroboration
requirements, but to require stricter proof when the sexual assault victim is 14 or
older. . . . "When a statute is clear and unambiguous, this Court will not strain
that plain meaning or the wording in order to give the statute a `desirable'
reading."


Scoggan v. State, 799 S.W.2d 679, 683 (Tex. Crim. App. 1990). Therefore, the plain language
of article 38.07 and the interpretation given to that statute by the Court of Criminal Appeals leads
this Court to the conclusion that we do not have the authority to ignore the statute in order to
obtain a more desirable result.

 In Jones v. State, 789 S.W.2d 330 (Tex. App. 1990, pet. ref'd), the Fourteenth
Court of Appeals in Houston was presented with a case having facts remarkably similar to the
present one. In that case, the victim testified that her father raped her when she was fourteen
years of age. However, she failed to tell anyone about the offense for seven months. The victim
also testified that her father had sexually abused her since she was a baby. Despite this evidence
of prior sexual abuse, based on article 38.07, the court of appeals held that the uncorroborated testimony of the victim was insufficient to support the conviction and ordered an
acquittal. Id. at 333. In so doing, however, the court questioned the rationale behind the statute:


 While we acknowledge the legislature's clear intent to distinguish between
victims under fourteen years and those fourteen years of age and older, we
consider this distinction bewildering and inappropriate. In the "typical" case
involving sexual abuse of a child, the offender is the father, a relative, or a close
family friend and, as in the instant case, threatens the victim not to tell anyone
about the assault. See Hill v. State, 658 S.W.2d 705, 709 (Tex. App.--Dallas
1983) (Guillot, J., dissenting), remanded, 663 S.W.2d 457 (Tex. Crim. App.
1984), on remand, 672 S.W.2d 302 (Tex. App.--Dallas 1984, no pet.) (in which
Justice Guillot reasoned that where the father is the offender and he threatens the
minor child victim not to tell anyone about the assault, "[i]t takes monumental
courage for a child to inform someone that her or his father has committed sexual
abuse."). We doubt that the victim's fear, embarrassment, or shame, which may
prevent or delay the victim in informing another person of the sexual assault,
abates when a victim reaches the age of fourteen. Although the plain language of
art. 38.07 compels us to hold that victims of or over age fourteen must either
timely inform another person of the offense or present corroboration, we note our
disagreement with this arbitrary and purposeless distinction.


Id. at 333 n.1.

 In the context of the present case, we share these sentiments. Like the Houston
court, however, we are bound by the legislative intent as it is expressed in the plain language of
article 38.07. The State's argument is better addressed to the Legislature.


CONCLUSION


 Therefore, based on our foregoing discussion, we sustain appellant's first point of
error. Thus, we need not address appellant's other points of error. We reverse the conviction
and reform the judgment to reflect an acquittal.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Reformed

Filed: June 10, 1992

[Publish]