

NUMBERS 13-08-00087-CR
13-08-00088-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RICARDO NOEL RODRIGUEZ,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant Ricardo Noel Rodriguez appeals his convictions for aggravated sexual assault, a first-degree felony, and indecency with a child, a second-degree felony. *See* Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008), § 21.011 (Vernon 2003). In a single issue, Rodriguez contends that article 38.07 of the code of criminal procedure violates the

Equal Protection Clause of the United States Constitution. U.S. CONST. amend. XIV, § 1; TEX. CODE CRIM. PROC. ANN. 38.07 (Vernon 2005). We affirm.

## I. BACKGROUND

The facts in this case are undisputed. By two separate indictments filed in separate trial court cause numbers, Rodriguez was charged with sexually assaulting S.S., a child under 14 years of age, and indecency with V.V., a child under 17 years of age. The cases were consolidated for trial, where Rodriguez pleaded not guilty. The jury heard testimony from, *inter alia*, S.S. and V.V. S.S. testified that for a period of approximately two years, beginning when she was nine years old, Rodriguez fondled her in a sexual manner and caused contact between their sexual organs. V.V. testified that Rodriguez rubbed her breasts, and while lying on a bed, rolled her on top of him and told her she looked "fine." A jury convicted Rodriguez on both counts, and he elected to go before the trial court for punishment. The trial court sentenced Rodriguez to concurrent terms of confinement of 45 years for the aggravated sexual assault charge, and 15 years for the indecency with a child charge, and assessed a fine of $2,000 for each charge.

## II. DISCUSSION

In his sole issue, Rodriguez challenges the constitutionality of article 38.07 of the code of criminal procedure, which provides in its entirety:

(a) A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.

(b) The requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person:

2

(1)     17 years of age or younger;

(2)     65 years of age or older; or

(3)     18 years of age or older who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm.

TEX. CODE CRIM. PROC. ANN. art 38.07.  Subsection (a) provides what may be referred to as a timely outcry or corroboration requirement, and subsection (b) provides an exemption to the timely outcry or corroboration requirement for alleged victims who are young, elderly, or generally handicapped.

Rodriguez contends that there is no rational basis for the State to "exempt" alleged victims 17 years of age or younger from the outcry or corroboration requirement of subsection (a) of the article.  He specifically contends that allowing his convictions to stand on the  uncorroborated testimony of S.S. and V.V. violates the Equal Protection Clause of the United States Constitution because the convictions of other individuals who allegedly committed sexual offenses against able-bodied victims between the ages of 18 and 64 may only be supported by uncorroborated testimony of the alleged victim if a timely outcry was made.  *See generally City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (the Equal Protection Clause requires all persons similarly situated to be treated alike).

The State, relying on *Hohn v. State*, contends that a rule of evidence or criminal procedure which rests upon the difference between minors and those who have reached majority has a rational basis and does not deny equal protection.  *See* 538 S.W.2d 619, 620-21 (Tex. Crim. App. 1976).  *Hohn* was an appeal challenging the sufficiency of the evidence supporting a conviction for sexual abuse of a child on the ground that the alleged

3

victim's testimony was not sufficiently corroborated by other evidence. *Id*. In finding sufficient evidence, the court of criminals appeals noted that "[i]t has been held in numerous prosecutions for rape that the testimony of a prosecutrix under the age of consent need not be corroborated even though there is no outcry or prompt report of the defendant's alleged acts." *Id*. at 621 (citations omitted).

## A. Level of Scrutiny

In reviewing a statute for an equal protection violation, we must first determine the level of scrutiny required. A statute is evaluated under "strict scrutiny" if it interferes with a "fundamental right" or discriminates against a "suspect class." *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 458 (1988). Otherwise, the challenged classification in a statute need only be "rationally related to a legitimate governmental purpose" to survive the equal protection challenge (the "rational basis" test). *Henderson v. State*, 962 S.W.2d 544, 560 (Tex. Crim. App. 1997)). "[S]ex offenders are not a suspect class for equal protection purposes." *In re M.A.H.*, 20 S.W.3d 860, 866 (Tex. App.–Fort Worth 2000, no pet.) (citing *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) ("Convicted sex offenders are not a suspect class.")). Therefore, we will apply the rational basis test in this case. Under the rational basis test, similarly situated individuals must be treated equally unless there is a rational basis for disparate treatment. *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex.1985).

## B. Applicable Law & Analysis

Because we analyze Rodriguez's constitutional challenge under the rational basis test, we presume that the statute is valid and that the legislature has not acted

4

unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Every reasonable presumption is made in favor of constitutionality and validity of the statute until the contrary is clearly shown. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979); *Skillern v. State*, 890 S.W.2d 849, 860 (Tex. App.–Austin 1994, pet. ref'd). It is Rodriguez's burden to show that the statute is unconstitutional. *See Rodriguez*, 93 S.W.3d at 69.

We have not found another Texas case dealing with whether article 38.07 violates the Equal Protection Clause. Therefore, we will proceed to a review of the statute's legislative history. *See e.g., Aguirre v. State*, 127 S.W.3d 883, 887 (Tex. App.–Austin 2004, pet. ref'd) ("In determining whether the complained-of classification in article 62.0105 [of the code of criminal procedure] violates the Equal Protection Clause, we examine the legislative intent of the statute."). In 1983, the legislature first amended article 38.07 to exempt individuals charged with sexual offenses against minors from the timely outcry or corroboration requirement. *See* Act of May 5, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 TEX. SESS. LAW SERV. 2090 (Vernon). Article 38.07, as it was amended, read:

> A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the offense within six months after the date on which the offense is alleged to have occurred. <u>The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.</u> The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.

*Id*. (amended language underlined). The statute was subsequently amended in 1993 and 2001, bringing it to its current form. Act of March 16, 1993, 73rd Leg., R.S., ch. 200, § 1,

1993 Tex. Sess. Law Serv. 389 (Vernon); Act of June 15, 2001, 77th Leg., R.S., ch. 1018, § 1, 2001 Tex. Sess. Law Serv. 2112 (Vernon) (codified at TEX. CODE CRIM. PROC. ANN. art. 38.07).

Before the 2001 amendments, the Senate Research Center prepared a bill analysis report, which states in relevant part:

> In some cases, victims who by reason of age or physical or mental disease, defect, or injury are incapable of caring for themselves may be unable to report an alleged crime to another person. H.B. 1209 exempts a person age 17 or younger, age 65 or older, or a person age 18 or older who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm from the requirements that the victim inform another person of sexual assault or aggravated sexual assault within one year so that a conviction for such an offense is supportable on the uncorroborated testimony of the victim.

Senate Research Center, Bill Analysis, H.B. 1209, 73 Leg., R.S., (2001) *available at*: http://www.capitol.state.tx.us/tlodocs/77R/analysis/html/HB01209E.htm (last visited Jun. 29, 2009).

Rodriguez contends that article 38.07 treats individuals accused of sexual offenses differently based upon the age of the alleged victim. But, in crafting the exemptions that are found in subsection (b), the legislature believed that the covered individuals "may be unable to report an alleged crime to another person," because they may be easily intimidated or unable to articulate themselves, and were in need of an exemption from the timely outcry or corroboration requirement. The exemption is "rationally related to a legitimate governmental purpose" of protecting society's young, elderly, generally more vulnerable, or handicapped individuals, who the legislature has found "may be unable to report a crime to another person."

6

Besides making the superficial assertion of unequal treatment, Rodriguez has failed to demonstrate that there is no rational relationship between the exemption and a legitimate government purpose. After a careful analysis of the history and purpose of article 38.07, we reject Rodriguez's argument that the statute is arbitrary and irrational in the manner in which he contends. We hold that Rodriguez's federal constitutional right to equal protection under law was not violated by article 38.07. Accordingly, Rodriguez's sole issue is overruled.

## III. CONCLUSION

The judgments of the trial court are affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and filed
this the 23rd day of July, 2009.