**Leroy FRIEDEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–398–CR.**

Court of Appeals of Texas, Austin.

June 10, 1992.

C.L. Wiginton, Bastrop, for appellant.

Charles D. Penick, Criminal Dist. Atty., Forrest L. Sanderson, III, Asst. Criminal Dist. Atty., Bastrop, for appellee.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

A jury convicted Leroy Friedel, appellant, of aggravated sexual assault. *See* Tex.Penal Code Ann. § 22.021 (1989). The trial court sentenced appellant to twenty-five years' imprisonment. On appeal, appellant asserts nine points of error. We will sustain appellant's first point of error, reverse the conviction, and reform the judgment to reflect an acquittal.

## BACKGROUND

At trial the victim of the alleged offense testified that appellant, her stepfather, had entered her bedroom with a gun and raped her. The victim, who was fifteen years of age at the time of the alleged rape, did not tell anyone of the offense for approximately eighteen months. The victim testified that appellant had sexually abused her since the time she was a small child, and that she did not report the rape at the time it occurred because appellant threatened to hurt her little sisters and her mother if she told anyone. Based on this testimony, and without corroborating evidence, the jury convicted appellant of the offense of aggravated sexual assault by finding: (1) that appellant intentionally and knowingly caused the penetration of the sexual organ of a child under the age of seventeen by appellant's sexual organ; and (2) that appellant, by acts and words, placed the child in fear that death or serious bodily injury would be imminently inflicted on a person. *See* Tex.Penal Code Ann. § 22.-021(a)(1)(B)(i), (a)(2)(A)(ii) (1989); *see also* §§ 22.021(b), 22.011(c).

## DISCUSSION

The State concedes that the only evidence it presented connecting appellant to the alleged offense was the uncorroborated testimony of the victim. With regard to victim testimony in the context of sexual offenses, the Code of Criminal Procedure provides:

A conviction under ... Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.

Tex.Code Crim.Proc.Ann. art. 38.07 (Supp. 1992). Therefore, a conviction for aggravated sexual assault requires independent corroboration if the victim was fourteen years of age or older and if the victim did not inform another person within six months of the event. In the present case, there is no dispute that the victim was fifteen years of age at the time of the alleged offense and that she did not inform another person of the alleged rape for approximately eighteen months. Therefore, in his first point of error, appellant argues that the State's evidence failed to satisfy the requirements of article 38.07 and, thus, the evidence was legally insufficient to support his conviction.

In an effort to avoid such a result, the State asks this Court to read into article 38.07 an exception that would allow appellant's conviction to stand. As stated above, the victim testified that appellant had sexually abused her since she was a small child. Further, the victim testified that appellant told her not to tell anyone or he would harm her little sisters and her mother. The State also presented expert testimony that a victim of chronic abuse and threats over an extended period of time would likely repress any outcry to another person. Based on this evidence, the State argues that appellant should not be allowed to benefit from the application of article 38.07 when it was his chronic abuse and threats against the victim that prevented her from telling another person about the rape for eighteen months after it occurred.

As sympathetic as we may be to the State's argument, we cannot create the exception urged by the State. In 1983 the Texas Legislature expressly made the corroboration requirement applicable to all victims of sexual offenses who were fourteen years of age or older and who failed to tell another person of the event within six months. The Legislature did so despite established case law that a victim's testimony need not be corroborated if the victim was under the age of consent (seventeen). *See Hernandez v. State*, 651 S.W.2d 746 (Tex.Crim.App.1983) (Clinton, J., concurring; opinion adopted as majority on motion for reh'g). In 1990 the Court of Criminal Appeals interpreted article 38.07 to mean what it says:

However, in spite of this long line of precedent [holding that testimony of victims under seventeen need not be corroborated], the legislature acted decisively to change the corroboration requirements for minor victims of sexual assault in 1983. Senate Bill 838 was passed by the sixty-eighth legislature almost simultaneously with this court's *Hernandez* decision, and the two branches of government apparently came to different resolutions of the same problem. The legislative amendment to 38.07 [in 1983] clearly expresses the legislature's intent to shield sexual assault victims under 14 from the normal outcry or corroboration requirements, but to require stricter proof when the sexual assault victim is 14 or older.... "When a statute is clear and unambiguous, this Court will not strain that plain meaning or the wording in order to give the statute a 'desirable' reading."

*Scoggan v. State*, 799 S.W.2d 679, 683 (Tex. Crim.App.1990). Therefore, the plain language of article 38.07 and the interpretation given to that statute by the Court of Criminal Appeals leads this Court to the conclusion that we do not have the authori-

ty to ignore the statute in order to obtain a more desirable result.

In *Jones v. State,* 789 S.W.2d 330 (Tex. App.1990, pet. ref'd), the Fourteenth Court of Appeals in Houston was presented with a case having facts remarkably similar to the present one. In that case, the victim testified that her father raped her when she was fourteen years of age. However, she failed to tell anyone about the offense for seven months. The victim also testified that her father had sexually abused her since she was a baby. Despite this evidence of prior sexual abuse, based on article 38.07, the court of appeals held that the uncorroborated testimony of the victim was insufficient to support the conviction and ordered an acquittal. *Id.* at 333. In so doing, however, the court questioned the rationale behind the statute:

> While we acknowledge the legislature's clear intent to distinguish between victims under fourteen years and those fourteen years of age and older, we consider this distinction bewildering and inappropriate. In the "typical" case involving sexual abuse of a child, the offender is the father, a relative, or a close family friend and, as in the instant case, threatens the victim not to tell anyone about the assault. *See Hill v. State,* 658 S.W.2d 705, 709 (Tex.App.—Dallas 1983) (Guillot, J., dissenting), *remanded,* 663 S.W.2d 457 (Tex.Crim.App.1984), *on remand,* 672 S.W.2d 302 (Tex.App.—Dallas 1984, no pet.) (in which Justice Guillot reasoned that where the father is the offender and he threatens the minor child victim not to tell anyone about the assault, "[i]t takes monumental courage for a child to inform someone that her or his father has committed sexual abuse."). We doubt that the victim's fear, embarrassment, or shame, which may prevent or delay the victim in informing another person of the sexual assault, abates when a victim reaches the age of fourteen. Although the plain language of art. 38.07 compels us to hold that victims *of or over age fourteen* must either timely inform another person of the offense or present corroboration, we note our

disagreement with this arbitrary and purposeless distinction.

*Id.* at 333 n. 1.

In the context of the present case, we share these sentiments. Like the Houston court, however, we are bound by the legislative intent as it is expressed in the plain language of article 38.07. The State's argument is better addressed to the Legislature.

### CONCLUSION

Therefore, based on our foregoing discussion, we sustain appellant's first point of error. Thus, we need not address appellant's other points of error. We reverse the conviction and reform the judgment to reflect an acquittal.