IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00182-CR

 

Christopher Merwin,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 31,469CR

 



MEMORANDUM  Opinion










 

        Merwin appeals his conviction
for driving while intoxicated with a child passenger.  See Tex. Penal Code Ann. § 49.045(a) (Vernon Supp. 2007).

        In one issue, Merwin contends
that the evidence was legally insufficient.  

        “In assessing the legal
sufficiency of the evidence to support a criminal conviction, we consider all
the evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational juror
could have found the essential elements of the crime beyond a reasonable
doubt.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); accord
 Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Wilhoit v. State, 638
S.W.2d 489, 494 (Tex. Crim. App. 1982).  “A ‘legal sufficiency of the evidence
review does not involve any weighing of favorable and non-favorable
evidence.’”  Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App.
2000) (quoting Cardenas v. State, 30 S.W.3d 384 (Tex. Crim. App. 2000));
accord Moore v. State, 143 S.W.3d 305, 318 (Tex. App.—Waco 2004, pet. ref’d).

        Merwin argues: “In the Instant
case, the only evidence indicating his guilt is the opinion testimony of the
officer.  The evidence was not sufficient.”  (Br. at 16 (citing Stuart v.
State, 933 S.W.2d 555; Friedel v. State, 832 S.W.2d 420)); see
Stewart v. State, 933 S.W.2d 555 (Tex. App.—San Antonio 1996, pet. ref’d); Friedel
v. State, 832 S.W.2d 420 (Tex. App.—Austin 1992, no pet.).

        “The testimony of an officer
that a person is intoxicated provides sufficient evidence to establish the
element of intoxication.”  Hartman v. State, 198 S.W.3d 829, 835 (Tex.
App.—Corpus Christi 2006, pet. dism’d); see Annis v. State, 578 S.W.2d
406, 407 (Tex. Crim. App. [Panel Op.] 1979); Whisenant v. State, 557
S.W.2d 102, 105 (Tex. Crim. App. 1977); Smith v. State, 135 S.W.3d 198,
200 (Tex. App.—Waco 2004), rev’d on other grounds, 158 S.W.3d 463 (Tex.
Crim. App. 2005).

        The State points primarily to
a Department of Public Safety trooper’s testimony.  Merwin almost collided with
another vehicle when attempting to drive his car onto Interstate 35.  Merwin’s
breath had a strong odor of an alcoholic beverage, and Merwin’s eyes were
glassy and his speech slurred.  Merwin performed very poorly on standardized
field sobriety tests.  Merwin admitted that he had drunk one beer.  Merwin
refused the trooper’s request that Merwin submit to the taking and analysis of
a specimen of Merwin’s breath.  

        A rational juror could have
found beyond a reasonable doubt that Merwin was intoxicated.  The evidence that
Merwin was intoxicated was legally sufficient.  We overrule Merwin’s issue.

        Having
overruled Merwin’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed January 2, 2008

Do not publish

[CR25]