# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00710-CR

**Lionell Devonn Crossley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57439, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In June 2005, appellant Lionell Devonn Crossley was placed on deferred adjudication community supervision for five years after he pleaded guilty to injury to a child. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2010). In January 2008, the State moved to adjudicate, alleging that on or about November 11, 2006 appellant sexually assaulted a child younger than fourteen. *See id*. § 22.021. Appellant was also indicted for this subsequent offense in cause number 62659. His July 2009 trial in that cause ended with a mistrial after the jury was unable to reach a verdict. However, based on the evidence presented at that trial, the court granted the motion to adjudicate in the cause before us, adjudged appellant guilty, and assessed punishment at ten years' imprisonment. In a single point of error, appellant contends that the evidence is legally insufficient to support the finding that he violated the terms of his supervision as alleged. We overrule this contention and affirm the conviction.

We first address the State's contention that appellant's notice of appeal was not timely. Sentence was imposed on September 3, 2009. On November 24, 2009, appellant filed a "motion for new trial nunc pro tunc" incorporating by reference a motion for new trial said to have been filed on October 5, 2009. The nunc pro tunc motion states that the earlier motion incorrectly bore cause number 62659. The motion for new trial nunc pro tunc was overruled by the trial court following a telephonic hearing.

The deadline for filing the motion for new trial was Saturday, October 3, 2009, and thus the October 5 filing was timely. *See* Tex. R. App. P. 4.1(a), 21.4(a). The filing of a timely motion for new trial had the effect of extending the deadline for giving notice of appeal to December 2, 2009. *See* Tex. R. App. P. 26.2(a)(2). Appellant's notice of appeal was mailed to the clerk on December 2 and filed on December 7. Therefore, the notice of appeal was also timely. *See* Tex. R. App. P. 9.2(b), 26.2(a)(2).

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The burden of proof at a revocation hearing is by a preponderance of the evidence. *Id*.

The complaining witness, H.D., and her friend, K.G., testified that on the night of November 11, 2006, they went to a party with appellant and two of his friends, Robert Ferstl and Larry Ransom. At the time, H.D. was thirteen years old and K.G. was fifteen years old. H.D. and K.G. testified that during the course of the evening, they had sexual intercourse with appellant and his friends.

Appellant contends that H.D.'s testimony does not support the trial court's ruling because she did not make a timely outcry and her testimony was not otherwise corroborated. *See* Tex. Code Crim. Proc. Ann. art. 38.07(a) (West 2005). Appellant's contention is without merit for three reasons. First, article 38.07 governs the sufficiency of the evidence to support a *conviction* for sexual assault and aggravated sexual assault. *Id*. Appellant cites no authority holding that the statute governs the sufficiency of the evidence to revoke community supervision or adjudicate guilt. Second, the corroboration requirement does not apply if the victim of the alleged offense was seventeen years old or younger. *Id*. art. 38.07(b)(1).[1] Third, H.D.'s testimony was corroborated by K.G., who testified that she saw H.D. and appellant engaged in sexual intercourse, and by Ferstl, who testified that he, appellant, and Ransom each had sexual intercourse with H.D. on the night in question.

The trial court could reasonably believe by a preponderance of the evidence that appellant violated the terms of his supervision as alleged. The court did not abuse its discretion by adjudicating appellant guilty.

---

[1] Appellant cites two opinions reversing sexual assault convictions because the fifteen-year-old complainants' testimony was not corroborated. Both opinions, however, were decided when the statutory corroboration requirement applied to complainants fourteen years of age or older. *Stewart v. State*, 933 S.W.2d 555, 556 (Tex. App.—San Antonio 1996, pet. ref'd); *Friedel v. State*, 832 S.W.2d 420, 421 (Tex. App.—Austin 1992, no pet.). Those opinions are not on point in any event because H.D. was thirteen years old.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   March 22, 2011

Do Not Publish