COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

LIONELL DEVONN CROSSLEY,     §

        Appellant,     §

v.     §

THE STATE OF TEXAS,     §

        Appellee.     §

    §

No. 08-10-00300-CR

Appeal from the

27th District Court

of Bell County, Texas

(TC#62659)

# O P I N I O N

Lionell D. Crossley appeals his conviction for aggravated sexual assault of a child. In three issues on appeal, he challenges the sufficiency of the evidence and contends that the trial court erred when it denied his challenge for cause against a prospective juror and when it granted a challenge for cause made by the State against another prospective juror. We affirm.

## BACKGROUND

In January 2008, Appellant was charged with the aggravated sexual assault of a child, H.D., occurring on or about November 11, 2006. After a jury trial, Appellant was found guilty of aggravated sexual assault of a child and sentenced to 20 years' imprisonment. This appeal followed.

The evidence produced at trial showed that on the night of November 11, 2006, Appellant and his friend, Robert Ferstl picked up thirteen-year-old H.D. and fifteen-year-old K.G., from K.G.'s parents' house and they drove to Temple, Texas to hang out. H.D. testified that she smoked marijuana during the drive to Temple and that she believed both Appellant and Ferstl did

as well. H.D. and K.G. were taken to Appellant's uncle's house where there were other males including Larry Ransom, a friend of Appellant and Ferstl.

While at the house of Appellant's uncle, Appellant gave H.D. and K.G. a white pill saying that it would make them feel drunk. After ten minutes of having ingested the pill, H.D. testified that she and K.G. were led to a bedroom by Appellant, Ferstl, and Ransom. Both H.D. and K.G. testified that they had sexual intercourse with Appellant and his friends. K.G. testified that she saw H.D. and Appellant having sexual intercourse.

## DISCUSSION

### Sufficiency of the Evidence

In Issue One, Appellant challenges the sufficiency of the evidence to support the jury's conviction.

*Standard of Review & Applicable Law*

In a legal sufficiency review, we consider all the evidence in the light most favorable to the verdict, and determine whether a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is the responsibility of the jury to resolve conflicts in the testimony, to weigh the evidence, and to make reasonable inferences from the evidence. *Hooper*, 214 S.W.3d at 13; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury can accept or reject all or part of the evidence presented. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). On appeal, we do not reweigh the evidence and we do not substitute our own judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Any evidentiary inconsistencies are resolved

2

in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

**Aggravated Sexual Assault**

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child under the age of fourteen by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2012). A conviction for aggravated sexual assault "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2012). This one-year requirement does not apply if the victim is seventeen years of age or younger. *Id.* at art. 38.07(b)(1). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App. – Austin 2003, pet. ref'd).

*Analysis*

Appellant argues that the evidence was legally insufficient to support his conviction because the testimony provided by H.D. was uncorroborated and because she failed to make a timely outcry. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a). In support of his argument, Appellant cites *Stewart v. State*, 933 S.W.2d 555, 556 (Tex. App. – San Antonio 1996, pet. ref'd) and *Friedel v. State*, 832 S.W.2d 420, 421 (Tex. App. – Austin 1992, no pet.). However, Appellant's reliance on *Stewart* and *Friedel* is misplaced because both decisions were based on a prior version of Article 38.07 where the corroboration requirement applied to victims fourteen years of age or older. *Stewart*, 933 S.W.2d at 556; *Friedel*, 832 S.W.2d at 421. Here, it is

3

undisputed that at the time of Appellant's offense, H.D. was only thirteen years old and thus, there was no corroboration requirement applicable to her. TEX. CODE CRIM. PROC. ANN. art. 38.07(a). Due to her age at the time of the offense, H.D. was also not required to satisfy the one-year outcry requirement. *Id.* at art. 38.07(b)(1). In addition, H.D.'s testimony was not uncorroborated as Appellant asserts because K.G. testified that she saw Appellant having sex with H.D. on the night in question.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found Appellant guilty of aggravated sexual assault solely on the basis of H.D.'s testimony that Appellant caused the penetration of H.D.'s vagina. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; TEX. PENAL CODE ANN. § 22.021; *Perez*, 113 S.W.3d at 838. Therefore, we conclude that the evidence is sufficient to support Appellant's conviction for aggravated sexual assault of a child under the age of fourteen. Issue One is overruled.

**Challenges for Cause**

In Issue Two, Appellant asserts the trial court erred in denying his challenge for cause as to prospective juror 31 who expressed bias during *voir dire* and was not successfully rehabilitated. In Issue Three, Appellant also contends the trial court erred in granting the State's challenge for cause as to prospective juror 11 which was a racially discriminatory use of a challenge for cause.

*Standard of Review & Applicable Law*

A trial court's ruling on a challenge for cause will be reversed only if there is clear abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). In reviewing a trial court's decision to grant or deny a challenge for cause, we examine the entire record to determine whether there is sufficient evidence

4

to support the ruling. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). We give great deference to the trial court's decision because of its ability to evaluate the potential juror's demeanor and to listen to his or her tone of voice. *Id.* Where the prospective juror's answers are vacillating, unclear, or contradictory, particular deference is given to the trial court's ruling. *Id.*; *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).

To preserve error for appellate review with respect to a trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained-of veniremember; (3) exhaust his peremptory strikes; (4) request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that he would have struck an objectionable juror with a peremptory strike if he had one to use. *Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003).

### Appellant's Challenge to Prospective Juror 31

In his second issue, Appellant specifically argues that the trial court erred by denying his challenge for cause because prospective juror 31 testified that she could not be fair and objective and because she stated she would require the defendant to prove his innocence.

During *voir dire*, prospective juror 31 gave notice that she would find it difficult to sit as a juror on a sexual assault case because she had daughters and a granddaughter. In response to further questioning by Appellant's counsel, she stated that this was not a case in which she thought she could be fair based on her heart. The following exchange took place outside the presence of the jury panel:

> [Defense Counsel]: If I don't put on any evidence to prove that he's innocent, but they haven't proved he's guilty beyond a reasonable doubt, what would your verdict be?

5

[Juror]: Well, I would have to go with what they—what both of you say. I mean, he's already innocent.

[Defense Counsel]: Right.

[Juror]: But they've got to prove to me that he is guilty.

[Defense Counsel]: Yes, ma'am.

[Juror]: And I can—Judge, I can work with that.

[Court]: Okay.

[State]: So I don't have to prove he's innocent is what I'm ---

[Juror]: No, he's already there.

[Defense Counsel]: Okay.

[Juror]: We just haven't heard that part.

[Defense Counsel]: We haven't heard what part?

[Juror]: You know, anything that says he's guilty.

[Defense Counsel]: Right. Okay.

[Juror]: You know, so he's innocent right now.

[Defense Counsel]: Okay. And last question is: You can consider the full range of punishment. You could give somebody five years probation. Not in this case, but in a proper case.

[State]: Not "give," consider.

[State]: Consider.

.     .     .

[Juror]: I can consider giving him 5 to 99, I think the rule was.

[Defense Counsel]: You can consider probation.

[Juror]: Yes.

6

. . .

[Defense Counsel]:   Under any set of facts ever when you—

[Juror]:   I can consider it. Yeah, whether he's guilty or innocent—well, guilty.

. . .

[Juror]:   Yeah, I think I could give him probation after I hear all the evidence.

After questioning, Appellant's counsel moved to have prospective juror 31 struck for cause.   The trial court responded that prospective juror 31 was rehabilitated, effectively denying Appellant's challenge for cause.

*Analysis*

The State argues Appellant presented nothing for our review because he failed to assert a clear and specific challenge before the trial court and because he failed to identify any objectionable juror.   After reviewing the entire record, we conclude Appellant met his burden to preserve error. *See Allen*, 108 S.W.3d at 282.   Although Appellant's challenge for cause of prospective juror 31 was not specific, it is apparent from the record that the trial court clearly understood the grounds for the challenge before denying Appellant's challenge for cause.   In addition, Appellant's Motion for Additional Peremptory Challenges which was denied by the trial court shows that he used a peremptory strike on prospective juror 31, he exhausted his peremptory strikes, he requested additional strikes, he identified an objectionable juror, and he stated that he would have struck an objectionable juror with a peremptory strike if it had been available.   We therefore consider the merits of Appellant's argument.

In the present case, although prospective juror 31 made statements that raised issues of bias, she stated that she could follow the law, could be fair and impartial, and would hold the State

7

to its burden. The trial court observed the demeanor of prospective juror 31 and based on her answers, we must defer to the trial court's evaluation that prospective juror 31 could follow the law. *Feldman,* 71 S.W.3d at 744. After reviewing the entire record, we conclude that there is sufficient evidence to support the trial court's ruling; therefore, the trial court did not abuse its discretion by denying Appellant's challenge for cause to prospective juror 31. *Id.*; *see also Newbury v. State*, 135 S.W.3d 22, 35 (Tex. Crim. App. 2004) (where the venireperson gave conflicting answers there was no abuse of discretion in the denial of appellant's challenge for cause because the trial court is in best position to evaluate the venireperson's demeanor and responses). Issue Two is overruled.

### The State's Challenge to Prospective Juror 11

In his third issue, Appellant argues that the trial court erred in sustaining the State's challenge for cause concerning prospective juror 11 where the State attempted to disqualify the juror because of her race in violation of *Batson v. Kentucky*. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We first note that there is nothing in the record indicating that Appellant ever objected to the trial court's granting of the State's challenge for cause to prospective juror 11. A party must object to the grant of a challenge for cause before he can complain about the ruling on appeal. TEX. R. APP. P. 33.1; *Ortiz v. State*, 93 S.W.3d 79, 88 (Tex. Crim. App. 2002). Because Appellant did not object to the trial court action, Appellant has failed to preserve his complaint for review. Issue Three is overruled.

### CONCLUSION

Having overruled all of Appellant's issues on appeal, we affirm the judgment of the trial court.

8

GUADALUPE RIVERA, Justice

August 8, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)