COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 LIONELL DEVONN CROSSLEY,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
 No.
 08-10-00300-CR
  
 Appeal from the
  
 27th
 District Court
  
 of Bell
 County, Texas
  
 (TC#62659)
  
 
 


 

                                                                  O
P I N I O N

Lionell
D. Crossley appeals his conviction for aggravated sexual assault of a
child.  In three issues on appeal, he
challenges the sufficiency of the evidence and contends that the trial court
erred when it denied his challenge for cause against a prospective juror and when
it granted a challenge for cause made by the State against another prospective
juror.  We affirm.

BACKGROUND

In January 2008, Appellant
was charged with the aggravated sexual assault of a child, H.D., occurring on
or about November 11, 2006.  After a jury
trial, Appellant was found guilty of aggravated sexual assault of a child and
sentenced to 20 years’ imprisonment.  This
appeal followed.

The evidence produced at trial showed
that on the night of November 11, 2006, Appellant and his friend, Robert Ferstl
picked up thirteen-year-old H.D. and fifteen-year-old K.G., from K.G.’s parents’
house and they drove to Temple, Texas to hang out.  H.D. testified that she smoked marijuana
during the drive to Temple and that she believed both Appellant and Ferstl did
as well.  H.D. and K.G. were taken to
Appellant’s uncle’s house where there were other males including Larry Ransom,
a friend of Appellant and Ferstl.

While at the house of Appellant’s
uncle, Appellant gave H.D. and K.G. a white pill saying that it would make them
feel drunk.  After ten minutes of having
ingested the pill, H.D. testified that she and K.G. were led to a bedroom by
Appellant, Ferstl, and Ransom.  Both H.D.
and K.G. testified that they had sexual intercourse with Appellant and his
friends.  K.G. testified that she saw
H.D. and Appellant having sexual intercourse.

DISCUSSION

Sufficiency of the Evidence

In Issue One, Appellant challenges the
sufficiency of the evidence to support the jury’s conviction.

Standard of
Review & Applicable Law

In
a legal sufficiency review, we consider all the evidence in the light most
favorable to the verdict, and determine whether a rational juror could have
found the essential elements of the offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Hooper v. State, 214 S.W.3d
9, 13 (Tex. Crim. App. 2007).  It is the
responsibility of the jury to resolve conflicts in the testimony, to weigh the
evidence, and to make reasonable inferences from the evidence.  Hooper,
214 S.W.3d at 13; Brooks v. State,
323 S.W.3d 893, 899 (Tex. Crim. App. 2010). 
The jury can accept or reject all or part of the evidence
presented.  Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  On appeal, we do not reweigh the evidence and
we do not substitute our own judgment for that of the jury.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  Any evidentiary
inconsistencies are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Aggravated Sexual Assault

A person commits
the offense of aggravated sexual assault of a child if he intentionally or
knowingly causes the penetration of the anus or sexual organ of a child under
the age of fourteen by any means.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)
(West Supp. 2012).  A conviction for
aggravated sexual assault “is supportable on the uncorroborated testimony of
the victim of the sexual offense if the victim informed any person, other than
the defendant, of the alleged offense within one year after the date on which
the offense is alleged to have occurred.” 
Tex. Code Crim. Proc. Ann. art.
38.07(a) (West Supp. 2012).  This one-year
requirement does not apply if the victim is seventeen years of age or
younger.  Id. at art. 38.07(b)(1).  The testimony of a child victim alone is
sufficient to support a conviction for aggravated sexual assault or indecency
with a child.  Tex. Code Crim. Proc. Ann. art. 38.07(a); Perez v. State,
113 S.W.3d 819, 838 (Tex. App. – Austin 2003, pet. ref’d).

Analysis

Appellant argues that the evidence was legally insufficient to
support his conviction because the testimony provided by H.D. was
uncorroborated and because she failed to make a timely outcry.  See Tex. Code Crim. Proc. Ann. art.
38.07(a).  In support of his argument,
Appellant cites Stewart v. State, 933
S.W.2d 555, 556 (Tex. App. – San Antonio 1996, pet. ref’d) and Friedel v. State, 832 S.W.2d 420, 421
(Tex. App. – Austin 1992, no pet.).  However,
Appellant’s reliance on Stewart and Friedel is misplaced because both
decisions were based on a prior version of Article 38.07 where the
corroboration requirement applied to victims fourteen years of age or
older.  Stewart, 933 S.W.2d at 556; Friedel,
832 S.W.2d at 421.  Here, it is
undisputed that at the time of Appellant’s offense, H.D. was only thirteen
years old and thus, there was no corroboration requirement applicable to
her.  Tex.
Code Crim. Proc. Ann. art. 38.07(a). 
Due to her age at the time of the offense, H.D. was also not required to
satisfy the one-year outcry requirement. 
Id. at art. 38.07(b)(1). 
In addition, H.D.’s testimony was not uncorroborated as Appellant
asserts because K.G. testified that she saw Appellant having sex with H.D. on
the night in question.

Viewing the evidence in the light most favorable
to the verdict, we conclude that a rational jury could have found Appellant
guilty of aggravated sexual assault solely on the basis of H.D.’s testimony
that Appellant caused the penetration of H.D.’s vagina.  See Tex. Code Crim. Proc. Ann. art. 38.07; Tex. Penal Code Ann. § 22.021; Perez, 113 S.W.3d at
838.  Therefore, we conclude that the evidence is
sufficient to support Appellant’s conviction for aggravated sexual assault of a
child under the age of fourteen.  Issue
One is overruled.

Challenges for Cause

In
Issue Two, Appellant asserts the trial court erred in denying his challenge for
cause as to prospective juror 31 who expressed bias during voir dire and was not successfully rehabilitated.  In Issue Three, Appellant also contends the
trial court erred in granting the State’s challenge for cause as to prospective
juror 11 which was a racially discriminatory use of a challenge for cause.

Standard
of Review & Applicable Law

A
trial court’s ruling on a challenge for cause will be reversed only if there is
clear abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 559 (Tex.
Crim. App. 1999), cert. denied, 529
U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000).  In reviewing a trial court’s decision to
grant or deny a challenge for cause, we examine the entire record to determine
whether there is sufficient evidence to support the ruling.  Feldman
v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).  We give great deference to the trial court’s decision
because of its ability to evaluate the potential juror’s demeanor and to listen
to his or her tone of voice.  Id. 
Where the prospective juror’s answers are vacillating, unclear, or
contradictory, particular deference is given to the trial court’s ruling.  Id.;
King v. State, 29 S.W.3d 556, 568
(Tex. Crim. App. 2000).

To
preserve error for appellate review with respect to a trial court’s denial of a
challenge for cause, an appellant must: (1) assert a clear and specific
challenge for cause; (2) use a peremptory strike on the complained-of veniremember;
(3) exhaust his peremptory strikes; (4) request additional peremptory strikes;
(5) identify an objectionable juror; and (6) claim that he would have struck an
objectionable juror with a peremptory strike if he had one to use.  Allen
v. State, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003).

Appellant’s
Challenge to Prospective Juror 31

In
his second issue, Appellant specifically argues that the trial court erred by
denying his challenge for cause because prospective juror 31 testified that she
could not be fair and objective and because she stated she would require the
defendant to prove his innocence.

During
voir dire, prospective juror 31 gave
notice that she would find it difficult to sit as a juror on a sexual assault
case because she had daughters and a granddaughter.  In response to further questioning by
Appellant’s counsel, she stated that this was not a case in which she thought
she could be fair based on her heart. 
The following exchange took place outside the presence of the jury
panel:

[Defense Counsel]:  If I don’t put on any evidence to prove that
he’s innocent, but they haven’t proved he’s guilty beyond a reasonable doubt,
what would your verdict be?

 

[Juror]:  Well, I would have to go with what they—what
both of you say.  I mean, he’s already
innocent.

 

[Defense Counsel]:  Right.

 

[Juror]:  But they’ve got to prove to me that he is
guilty.

 

[Defense Counsel]:  Yes, ma’am.

 

[Juror]:  And I can—Judge, I can work with that.

 

[Court]:  Okay.

 

[State]:  So I don’t have to prove he’s innocent is
what I’m --- 

 

[Juror]:  No, he’s already there.

 

[Defense
Counsel]:  Okay.  

 

[Juror]:  We just haven’t heard that part.

 

[Defense Counsel]:  We haven’t heard what part?

 

[Juror]:  You know, anything that says he’s guilty.

 

[Defense Counsel]:  Right. Okay.

 

[Juror]:  You know, so he’s innocent right now.

 

[Defense Counsel]:  Okay. And last question is: You can consider
the full range of punishment.  You could
give somebody five years probation.  Not
in this case, but in a proper case.

 

            [State]:
 Not “give,” consider.

 

            [State]:
 Consider.

.   .   .

 

[Juror]:  I can consider giving him 5 to 99, I think the
rule was.

 

[Defense Counsel]:  You can consider probation.

 

[Juror]:  Yes.

 

.   .   .

 

[Defense Counsel]:  Under any set of facts ever when you—

 

[Juror]:  I can consider it. Yeah, whether he’s guilty
or innocent—well, guilty.

 

.   .   .

 

[Juror]:  Yeah, I think I could give him probation after
I hear all the evidence.

 

After questioning, Appellant’s counsel moved to have
prospective juror 31 struck for cause.  The
trial court responded that prospective juror 31 was rehabilitated, effectively denying
Appellant’s challenge for cause.

Analysis

The
State argues Appellant presented nothing for our review because he failed to
assert a clear and specific challenge before the trial court and because he
failed to identify any objectionable juror. 
After reviewing the entire record, we conclude Appellant met his burden
to preserve error.  See Allen, 108 S.W.3d at 282. 
Although Appellant’s challenge for cause of prospective juror 31 was not
specific, it is apparent from the record that the trial court clearly
understood the grounds for the challenge before denying Appellant’s challenge
for cause.  In addition, Appellant’s
Motion for Additional Peremptory Challenges which was denied by the trial court
shows that he used a peremptory strike on prospective juror 31, he exhausted
his peremptory strikes, he requested additional strikes, he identified an
objectionable juror, and he stated that he would have struck an objectionable
juror with a peremptory strike if it had been available.  We therefore consider the merits of
Appellant’s argument.

In the present case, although prospective
juror 31 made statements that raised issues of bias, she stated that she could
follow the law, could be fair and impartial, and would hold the State to its
burden.  The trial court observed the
demeanor of prospective juror 31 and based on her answers, we must defer to the
trial court’s evaluation that prospective juror 31 could follow the law.  Feldman,
71 S.W.3d at 744.  After reviewing the
entire record, we conclude that there is sufficient evidence to support the
trial court’s ruling; therefore, the trial court did not abuse its discretion
by denying Appellant’s challenge for cause to prospective juror 31.  Id.;
see also Newbury v. State, 135 S.W.3d
22, 35 (Tex. Crim. App. 2004) (where the venireperson gave conflicting answers there
was no abuse of discretion in the denial of appellant’s challenge for cause because
the trial court is in best position to evaluate the venireperson’s demeanor and
responses).  Issue Two is overruled.

The
State’s Challenge to Prospective Juror 11

In
his third issue, Appellant argues that the trial court erred in sustaining the
State’s challenge for cause concerning prospective juror 11 where the State
attempted to disqualify the juror because of her race in violation of Batson v. Kentucky.  Batson
v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).  We
first note that there is nothing in the record indicating that Appellant ever
objected to the trial court’s granting of the State’s challenge for cause to
prospective juror 11.  A party must
object to the grant of a challenge for cause before he can complain about the
ruling on appeal.  Tex. R. App. P. 33.1; Ortiz v. State, 93 S.W.3d 79, 88 (Tex.
Crim. App. 2002).  Because Appellant did
not object to the trial court action, Appellant has failed to preserve his
complaint for review.  Issue Three is
overruled.

CONCLUSION

Having
overruled all of Appellant’s issues on appeal, we affirm the judgment of the
trial court.

                                                                        GUADALUPE
RIVERA, Justice

August 8, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)